**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1064n.06

No. 11-2436

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Oct 10, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| SANDRA TYLER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  SUTTON and GRIFFIN, Circuit Judges; WELLS, District Judge.[*]

PER CURIAM.  Sandra Tyler, a federal prisoner, appeals the sentence imposed by the district court following her guilty plea to charges of making false entries and reports, misappropriation of postal funds, and mail fraud.

Tyler was an employee of the postal service for twenty-five years.  Over a ten month period, on approximately fifty occasions, she filled out false refund forms, forged the signatures of some regular customers, and took the money for her own use.  This resulted in a loss to the postal service of approximately $20,000.00.  After she was fired, approximately $9,000.00 more in losses was caused by Tyler's filing of a false claim for unemployment benefits, in which she denied that she had stolen the original amount and maintained that she did not know why she had been discharged.

---

[*]The Honorable Lesley Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

After accepting Tyler's guilty plea, the district court held a sentencing hearing, at which it determined that the guidelines sentencing range was eight to fourteen months. However, the district court found that the other sentencing factors, particularly those of promoting respect for the law and deterrence, justified an upward variance to twenty-four months. On appeal, Tyler argues that her sentence is unreasonably long because of the percentage increase over the guidelines range.

We review criminal sentences for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). There is no presumption that a sentence outside the guidelines range is unreasonable. *Id.*; *United States v. Tristan-Madrigal*, 601 F.3d 629, 633 (6th Cir. 2010). Nor do we apply a rigid mathematical formula using the percentage of departure from the guidelines range. *See United States v. Richards*, 659 F.3d 527, 550 (6th Cir. 2011), *cert. denied,* 132 S. Ct. 2726 (2012).

Review of the sentencing transcript reveals that the district court correctly calculated the guidelines range and then discussed the other sentencing factors, particularly the seriousness of the offense, Tyler's apparent lack of respect for the law, and the need for deterrence. The district court also noted Tyler's history, including her dysfunctional childhood, mental health issues, and lack of criminal history. Where the court clearly considered the parties' arguments and the relevant sentencing factors, no abuse of discretion is apparent. *See United States v. Tate*, 516 F.3d 459, 470-71 (6th Cir. 2008). No argument has been presented that would justify substituting our judgment for the judgment of the sentencing court. *Gall*, 552 U.S. at 51; *United States v. Collington*, 461 F.3d 805, 811 (6th Cir. 2006). Accordingly, the district court's judgment is affirmed.